<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.N., INDIVIDUALLY AND ON BEHALF OF A.D., & A.D.,<br><br>     *Plaintiffs*,<br><br>v.<br><br>SPARTA TOWNSHIP BOARD OF EDUCATION, NEW JERSEY DEPARTMENT OF EDUCATION, & ANGELICA ALLEN-MCMILLAN, ACTING COMMISSIONER OF EDUCATION, IN HER OFFICIAL CAPACITY,<br><br>     *Defendants*. | Civil Action No. 21-19977<br><br><u>**OPINION & ORDER**</u> |

**<u>John Michael Vazquez, U.S.D.J.</u>**

This matter comes before the Court on Plaintiffs M.N. and A.D.'s motion to dismiss Defendant the Sparta Township Board of Education's ("STBOE") counterclaim for money spent on A.D. while he allegedly improperly attended Sparta High School, D.E. 23, and Plaintiffs' related motion for sanctions, D.E. 39. The Court has reviewed the parties' submissions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiffs' motions are **DENIED**.

  **I.  BACKGROUND**

The Court incorporates by reference the factual and procedural background recounted in its Opinion in response to Plaintiffs' motion for a preliminary injunction. D.E. 61. The Court adds

---

[1] The submissions include Plaintiffs' brief in support of the motion to dismiss, D.E. 23-1; The STBOE's opposition to the motion to dismiss, D.E. 38; Plaintiffs' reply to that opposition, D.E. 40; Plaintiffs' brief in support of the motion for sanctions, D.E. 39-1; the STBOE's opposition to the motion for sanctions, D.E. 44; and Plaintiffs' reply to that opposition, D.E. 51.

that the STBOE, in its counterclaim, alleges that A.D. improperly attended Sparta High School from May 1, 2019 to June 30, 2019 and September 8, 2019 to June 30, 2020.  D.E. 20 ("CC") ¶¶ 3-4.[2]  The taxpayers of Sparta Township bore the expense incurred by A.D.'s attendance.  *Id.*

As of the date of this Opinion, M.N.'s appeal of the administrative proceeding before the New Jersey Office of Administrative Law remains pending before the Appellate Division of the Superior Court of New Jersey.  *See* D.E. 1 at 26.

Plaintiffs initiated the instant suit on November 12, 2021.  D.E. 1.  They moved for a preliminary injunction on December 11, 2021.  D.E. 11.  The Court denied Plaintiffs' motion on April 12, 2022 in a written opinion and order.  D.E. 61; D.E. 62.  The STBOE filed an Answer to Plaintiffs' Amended Complaint on January 24, 2022, raising a single counterclaim.  D.E. 20.  Plaintiffs moved to dismiss the counterclaim, D.E. 23, and then moved for sanctions, D.E. 39.

## II.  STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Plaintiffs move to dismiss based on Federal Rule of Civil Procedure 12(b)(1), asserting a lack of standing.  The rule provides that a party may move to dismiss a claim based on "lack of subject matter jurisdiction[.]"  Fed. R. Civ. P. 12(b)(1).  To decide a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack against a complaint.  A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'"  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d

---

[2] The STBOE's Answer and Counterclaim is set forth in a series of numbered paragraphs.  The series restarts with the beginning of the STBOE's counterclaim on page 22 of the document.  The paragraph numbers associated with any citation to "CC" are the paragraph numbers that restart on page 22.

294, 302 n.3 (3d Cir. 2006)).  A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'"  *Davis*, 824 F.3d at 346 (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).  The STBOE argues that Plaintiffs raise a facial attack, which Plaintiffs do not dispute.  D.E. 38 at 12; *see* D.E. 51 at 1-6.  As a result, like a Rule 12(b)(6) motion to dismiss, the Court must consider the allegations in the counterclaim as true.

### B. Motion for Sanctions

Plaintiffs also move for sanctions pursuant to Federal Rule of Civil Procedure 11(b), which provides in relevant part that

> [b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)-(2); *see also A.W. ex rel. N.W. v. Princeton Pub. Schs. Bd. of Educ.*, -- F. App'x --, No. 20-2433, 2022 WL 989348, at *5 (3d Cir. Mar. 15, 2022).  Federal Rule of Civil Procedure 11(c)(1) provides as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus,

3

consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). The imposition of Rule 11 sanctions is at the discretion of the district court. *A.W.*, 2022 WL 989348, at *5. But "the standard under Rule 11 is 'stringent[.]'" *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 391 n.7 (3d Cir. 2016). "Courts apply 'an objective standard of reasonableness under the circumstances' to Rule 11's requirements." *Waugaman v. City of Greensburg*, 841 F. App'x 429, 434 (3d Cir. 2021) (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)). To be sanctionable, a claim must be "wholly without merit[.]" *Moeck*, 844 F.3d at 392 n.9; *see also Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010) (explaining that Rule 11 "'must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute,' and it 'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.'") (quoting *Mary Ann Pensiero, Inc.*, 847 F.2d at 94). In sum, "Rule 11 sanctions are reserved for correcting litigation abuse." *Ario*, 618 F.3d at 297.

### III.   ANALYSIS

#### A. Article III Standing

Plaintiffs contend that the STBOE lacks standing to prosecute its counterclaim. D.E. 23-1 at 2. The Constitution provides that "judicial Power" extends to "Cases" and "Controversies[.]" U.S. Const. art. III, § 2. To meet the case-or-controversy requirement, a plaintiff must show it has standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted). To establish Article III standing, a plaintiff "must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Finkelman v. Nat'l Football League*, 810 F.3d 187,

193 (3d Cir. 2016) (quoting *Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 358-59 (3d Cir. 2015)).  An injury-in-fact requires a plaintiff to show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  A particularized injury means that it "must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1.  A concrete injury refers to one that actually exists; one that is real and not abstract.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).  In addition, "[t]he injury must be concrete in both a qualitative and temporal sense[.]" *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 110 (3d Cir. 2019) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

Plaintiffs assert that the STBOE has no cognizable interest in the state or federal tax money that was spent to educate A.D. because those funds did not "originate from" the STBOE.  D.E. 23-1 at 6.  They explain that under New Jersey law, the only way for a school district to recoup money erroneously spent on a student's education is through the procedure set forth in N.J. Stat. Ann. § 18A:38-1(b)(2).  *Id.*  Plaintiffs maintain that the STBOE cannot invoke that statute.  *Id.* at 7.  The STBOE counters that Plaintiffs' motion, although couched in terms of subject matter jurisdiction, is actually a motion to dismiss on the merits because it challenges whether the STBOE can invoke that New Jersey statute.  D.E. 38 at 8.

Under the New Jersey statute, if a school district's superintendent or the administrative principal determines "that the parent or guardian of a child who is attending the schools of the district is not domiciled within the district and the child" is not otherwise entitled to attend a school district on account of his or her domicile, the commissioner of education "shall assess the parent or guardian tuition for the student prorated to the time of the student's ineligible attendance in the schools of the district" after the board of education approves the removal of the child  N.J. Stat. Ann. § 18A:38-1(b)(2).

Plaintiffs' primary argument is that the STBOE cannot invoke that statute because it has not alleged that A.D. and M.N. resided outside the geographic bounds of the school district. D.E. 23-1 at 7. The Court agrees with the STBOE that this is an attack on the counterclaim's merits, and will not consider, at this juncture, whether Plaintiffs can invoke the New Jersey statute.[3] The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348. This "is necessary because the standards governing the two rules differ markedly[.]" *Id.* at 348-49. Whereas a party seeking to dismiss a claim bears the burden on a motion pursuant to Rule 12(b)(6), the party asserting a counterclaim bears the burden of establishing subject matter jurisdiction under Rule 12(b)(1). *Id.* at 349. The Third Circuit's expressed concern is prejudice to the party bringing the claim, worked through that inversion of the burden. *Id.* Accordingly, "Rule 12(b)(6)—with its attendant procedural and substantive protections for plaintiffs—is the proper vehicle for the early testing of a plaintiff's claims." *Id.*

Plaintiffs' primary argument is an attack on the merits of the STBOE's counterclaim, not this Court's ability to decide it. *See* D.E. 23-1 at 7 (arguing that the STBOE "cannot possibly make a claim for ineligible attendance based on domicile and even if it could, the mechanism for such claim is through the Commissioner of the Department of Education, not the federal courts."). For the foregoing reasons, the Court does not consider this argument in a motion to dismiss for lack of subject matter jurisdiction.

---

[3] In passing, Plaintiffs cite *Flast v. Cohen*, 392 U.S. 83 (1968), to argue that the STBOE "lacks even the argument of standing of a taxpayer, which typically is insufficient for standing." D.E. 23-1 at 6. The Court does not consider this passing assertion. *Foschini v. Stanley Black & Decker, Inc.*, No. 20-16690, 2022 WL 228290, at *3 (D.N.J. Jan. 26, 2022) ("This passing reference, without analysis, is insufficient to put Plaintiff on adequate notice of the argument.").

Plaintiffs—in a single sentence and without citation—advance another argument: that the money spent on A.D.'s education originated from the New Jersey Legislature and Congress, and that the STBOE therefore has no protectible interest in that money. *See id.* at 6. The STBOE argues, with citation to authority, that public entities can seek to recover public funds erroneously spent. D.E. 38 at 10-11 (discussing *Bd. of Educ. of Passaic v. Bd. of Educ. of Twp. of Wayne*, 293 A.2d 445 (N.J. Super. Ct. Law Div. 1972); *United States v. Hart*, 12 F. Supp. 596 (E.D. Pa. 1935), *aff'd*, 90 F. 2d 987 (3d Cir. 1937); *Williams v. Bd. of Educ.*, 496 A.2d 58 (N.J. Super. Ct. App. Div. 1983), *aff'd o.b.*, 486 A.2d 846 (N.J. 1985); McQuillin, Municipal Corporations (3d ed. 1968), § 49.62 at 317)). Plaintiffs read *Passaic* differently than STBOE and criticize its age. Yet, assuming, without deciding, that Plaintiffs' reading is the correct one, their arguments are still attacks on the merits that are inappropriate for a Rule 12(b)(1) motion. *See* D.E. 40 at 4-5, ("[I]f payments were made by mistake, STBOE should have pursued its claim through the New Jersey Department of Education, but it did not."). And the Court agrees with the STBOE that, in any event, Plaintiffs have failed to establish that the New Jersey statute or Department of Education was the exclusive means by which the STBOE could pursue Plaintiffs for remuneration.

The Court denies Plaintiffs' motion to dismiss.

**B. Rule 11 Sanctions**

Plaintiffs' motion for sanctions contends that the counterclaim lacks a sufficient legal basis or evidentiary support. D.E. 39-1 at 4. The legal component of Plaintiffs' argument takes as a given that the STBOE lacks standing to prosecute its counterclaim. *Id.* Plaintiffs further contend that the STBOE's factual contentions are not truthful. *Id.* They infer that the STBOE must have an improper purpose in filing the counterclaim. *Id.*

The STBOE first argues that Plaintiffs' motion to dismiss was actually a motion to dismiss under Rule 12(b)(6), rendering the motion for sanctions premature. D.E. 44 at 9-10. The Court agrees with the STBOE for the reasons explained above. Moreover, Plaintiffs' bald assertions in its moving brief do not satisfy Rule 11's stringent standard. D.E. 39-1 at 4; *Moeck*, 844 F.3d at 391 n.7.

The STBOE also argues against the substance of the motion to dismiss, as it did in its opposition to that motion. D.E. 44 at 10-14. It reiterates that Plaintiffs have cited no authority for the proposition that the statute cited above is the STBOE's only avenue for relief. *Id.* at 11. It argues that a school district must have some recourse if it erroneously spends money educating an ineligible student. *See id.* at 12-14. Plaintiffs reply that the STBOE's strategy in this litigation is incompatible with the goals and express purposes of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.* D.E. 51 at 3-5. Rule 11 is not a tool to stymie the creativity of inventive attorneys or mute vociferous good faith advocacy. *Ario*, 618 F.3d at 297. The Court does not find the STBOE's counterclaim to be frivolous in the context of Rule 11.

The motion for sanctions is denied.

IV.     **CONCLUSION**

For the foregoing reasons, and for good cause shown,

It is on this 23rd day of June 2022 hereby

**ORDERED** that Plaintiffs' motions, D.E. 23, 39, are **DENIED**.

John Michael Vazquez, U.S.D.J.