**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.N., INDIVIDUALLY AND ON BEHALF OF A.D., & A.D., <br><br>*Plaintiffs,*<br><br>v.<br><br>SPARTA TOWNSHIP BOARD OF EDUCATION, NEW JERSEY DEPARTMENT OF EDUCATION, & ANGELICA ALLEN-MCMILLAN, ACTING COMMISSIONER OF EDUCATION, IN HER OFFICIAL CAPACITY,<br><br>*Defendants.* | Civil Action No. 21-19977<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter returns to the Court on the cross-motion of Defendant the Sparta Township Board of Education (the "STBOE") to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the relevant counts of Plaintiffs' First Amended Complaint, D.E. 58, and Plaintiffs' related motion for sanctions pursuant to Federal Rule of Civil Procedure 11, D.E. 66. The Court has reviewed the parties' submissions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons set forth below, the STBOE's cross-motion to dismiss is **GRANTED in part and DENIED in part** and Plaintiffs' motion for sanctions is **DENIED**.

---

[1] The STBOE's brief in support of the cross-motion to dismiss, D.E. 58-1, will be referred to as "STBOE Br.," Plaintiffs' brief in opposition, D.E. 64, will be referred to as "Plf. Opp. Br.," and the STBOE's reply, D.E. 65, will be referred to as "STBOE Reply." Plaintiffs' brief in support of its motion for sanctions, D.E. 66-1, will be referred to as "Plf. Br.," the STBOE's brief in opposition, D.E. 67, will be referred to as "STBOE Opp. Br.," and Plaintiffs' reply, D.E. 68, will be referred to as "Plf. Reply."

I.  BACKGROUND

This Court has recounted the factual and procedural predicate of this matter on several occasions. *See* D.E. 61, 69, 71. The Court incorporates those recitations by reference.

Plaintiffs initiated the instant suit on November 12, 2021. D.E. 1. They moved for a preliminary injunction on December 21, 2021. D.E. 11. The Court denied Plaintiffs' motion on April 12, 2022. D.E. 61, 62. The Court has also denied motions filed by Plaintiffs to dismiss the STBOE's counterclaim and to sanction the STBOE under Federal Rule of Civil Procedure 11. D.E. 23, 39, 69. On August 23, 2022, the Court granted in part and denied in part a motion to dismiss Plaintiffs' First Amended Complaint ("FAC"), filed by Defendants the New Jersey Department of Education ("NJDOE") and Acting Commissioner thereof, Angelica Allen-McMillan (collectively, "the State Defendants"). D.E. 50, 71, 72.

Plaintiffs filed its FAC on January 6, 2022. D.E. 17. They indicate that "A.D. has transferred the authority to make decisions regarding his education to his mother, plaintiff M.N." and that "A.D. brings this action by and through his mother, M.N." *Id.* ¶¶ 23–24. The FAC brings three claims against the STBOE. Count I, which is styled as an "Appeal pursuant to 20 U.S.C. § 1415[,]" asks the Court to reverse the decision rendered by the New Jersey Office of Administrative Law ("NJOAL"). *Id.* ¶¶ 97–106. Count II claims that the STBOE violated Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794(a). *Id.* ¶¶ 107–11. Count V seeks a declaratory judgment that A.D.'s high school diploma is insufficient under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq*. *Id.* ¶¶ 140–54. On January 24, 2022, the STBOE filed its Answer to the FAC with affirmative defenses and a counterclaim. D.E. 20. The STBOE then filed the instant cross-motion to dismiss on April 4, 2022. D.E. 58. The cross-motion was amended on April 25, 2022 to reflect that the STBOE seeks

dismissal pursuant to Fed. R. Civ. P. 12(c), rather than Fed. R. Civ. P. 12(b)(6). D.E. 63. Plaintiffs thereafter opposed this motion, D.E. 64, and moved to sanction the STBOE. D.E. 66.

## II. LAW AND ANALYSIS

The STBOE first argues that Plaintiffs' claims are deficient because (1) the state-issued diploma received by Plaintiff A.D. is a regular high school diploma; and (2) Plaintiffs do not allege any wrongdoing on the part of the STBOE. Next, the STBOE argues that the Court cannot consider the merits of Plaintiffs' claim under federal abstention principles. Third, the STBOE contends that Plaintiffs' claim for declaratory relief cannot be brought as a standalone claim. The STBOE then argues that M.N. does not have standing to bring this cause of action on A.D.'s behalf. Finally, the STBOE contends that Plaintiffs have failed to exhaust their administrative remedies relative to the alleged Section 504 claim. The Court first addresses the standing, abstention, and declaratory relief arguments, which the Court recently considered with respect to the State Defendants, D.E. 71, before turning to the plausibility and exhaustion of administrative remedies claims. The Court then addresses Plaintiffs' motion for sanctions.

### A. Motion to Dismiss Standard

The STBOE originally filed its cross-motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). D.E. 58. Shortly thereafter, the STBOE amended its motion to move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) because it had already filed its Answer.[2] D.E.

---

[2] Plaintiffs argue that the STBOE's 12(b)(6) motion should be dismissed as untimely because it was filed after the STBOE answered its Complaint. Plf. Opp. at 15–18. Given that the STBOE amended the instant motion to seek dismissal pursuant to Rule 12(c), and because a Rule 12(c) motion for failure to state a claim is reviewed under the same standard as a Rule 12(b)(6) motion, the Court will construe the STBOE's 12(b)(6) motion as having been filed pursuant to Rule 12(c). *See Glob. Fin. Corp. v. United States*, 67 F. App'x 740, 741 n. 1 (3d Cir. 2003) ("The [defendant] originally filed a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure. The District Court correctly noted that procedurally the [defendant] should have filed a Rule 12(c) motion for a judgment on the pleadings because it had already filed an answer. The District Court treated the

63. A motion for judgment on the pleadings pursuant to Rule 12(c) is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. *A.P. by S.P. v. Allegro Sch., Inc.*, No. 17-281, 2017 WL 4330363, at *3 (D.N.J. Sept. 29, 2017). Fed. R. Civ. P. 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Therefore, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies. *Id.*

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences therefrom. *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a

---

motion as if the correct Rule 12(c) motion had been filed."); *Rivera v. Camden Bd. of Educ.*, 634 F. Supp. 2d 486, 488 (D.N.J. 2009) (construing motion to dismiss filed after an answer as a Rule 12(c) motion).

complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

The STBOE also moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may be raised at any time. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977). In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See id.* at 891. "In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Here, the STBOE's motion to dismiss pursuant to Rule 12(b)(1) is understood as a facial challenge. Accordingly, in evaluating whether Plaintiffs' FAC is adequate, the Court "will apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim." *In re Schering*, 678 F.3d at 243 (citation omitted).

1. **Article III Standing**

The STBOE argues that M.N. lacks standing because Plaintiffs have not proven that M.N. is A.D.'s legal guardian and A.D. is an adult. STOBE Br. at 22–25. Plaintiffs disagree and also argue that M.N. has suffered injuries herself by paying for A.D.'s education when he should have been educated for free under the IDEA. Plf. Opp. at 27–28. The STBOE responds that no allegations in the FAC support this argument. STBOE Reply at 5–6. As in the Court's prior analysis on this issue with respect to the State Defendants, D.E. 71 at 5–7, which it adopts and

incorporates by reference here, the Court does not reach the parties' arguments because it finds Plaintiffs' reliance on *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516 (2007), to be dispositive. Accordingly, the STBOE's motion is denied on these grounds.

### 2. Abstention—*Burford*

The STBOE also argues that the abstention doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) requires this Court to abstain from adjudicating Plaintiffs' claims. STBOE Br. at 17. According to the STBOE: (i) Plaintiffs' challenge implicates difficult questions of state law that bear on important education policies and regulations that transcend the result in this case; (ii) timely and adequate state-court review is available, and that review is pending before the Appellate Division; and (iii) federal review would disrupt the State's efforts to establish a coherent policy with respect to its education laws, including its regulations applicable to high school diplomas. STBOE Br. at 18.[3] Plaintiffs counter that the IDEA itself grants Plaintiffs a right of review in federal court. Plf. Opp. at 20–21 (quoting 20 U.S.C. §§ 1415(i)(2)(A), 1415(i)(3)(A)). Plaintiffs also argue that the proceedings in the Appellate Division address a different issue than this case does and that New Jersey's interest in regulating high school diplomas is subordinate to the federal interests advanced by the IDEA. Plf. Opp. at 24–25.

---

[3] The STBOE relies on *Does v. Mills* to argue that federal review of the EDU decision would disrupt the state's efforts to establish a coherent policy with respect to its education laws. STBOE Br. at 18–20 (citing *Does v. Mills*, 2005 U.S. Dist. LEXIS 6603 (S.D.N.Y. Apr. 18, 2005)). But as the Court explained in its prior opinion as to the State Defendants, "Plaintiffs' ultimate claim is that a state regulation was applied to A.D. in a way that deprived him of a *federal* statutory right," and "the IDEA itself opens the door to the federal courthouse and invites in those unsatisfied with the results of the outcome of a due process hearing conducted by state authorities." *See* D.E. 71 at 10 (emphasis in original).

6

For the same reasons the Court denied the State Defendants' abstention argument under *Burford*, D.E. 71 at 8–10, which the Court adopts and incorporates by reference here, the STBOE's motion to dismiss is denied on this ground.

### 3. Declaratory Judgment

Next, the STBOE asks the Court to dismiss Plaintiffs' claim for a declaratory judgment on the ground that a party cannot advance a stand-alone claim for declaratory relief as "an independent cause of action." STBOE Br. at 21. It appears that the STBOE's argument, like the State Defendants', hinges on the success of the remainder of their motion—that is, the request for declaratory relief would "stand alone" only if the Court were to dismiss the rest of the action. Accordingly, because the Court finds that Plaintiffs' claims against the STBOE are plausible, as discussed below, the Court adopts and incorporates by reference its analysis with respect to the State Defendants', D.E. 71 at 16, and denies the motion to dismiss on this ground.

### 4. Failure to State a Claim

The STBOE maintains that Plaintiffs' claims fail for two reasons. First, the STBOE argues that A.D.'s diploma is a "regular high school diploma" under 34 C.F.R. §300.102(a)(3) because the Commissioner of Education rejected Plaintiffs' claim that it is inferior, and because Plaintiffs fail to allege any academic or educational deficiencies on the part of A.D. STBOE Br. at 12–14. Plaintiffs criticize the STBOE for asserting "a legal conclusion that this Court has not yet reached at this pleading stage." Plf. Opp. at 19–20. Because the Court already found in its preliminary injunction opinion[4] that A.D.'s diploma, awarded solely on the basis of passing the GED exam, is

---

[4] The STBOE filed this motion before the Court issued its opinion regarding the preliminary injunction. *Compare* D.E. 58, *with* D.E. 61.

"more akin to a GED than a regular high school diploma," the Court denies the STBOE's motion on these grounds. *See* D.E. 61 at 19.

Next, the STBOE contends that Plaintiffs fail to allege any wrongdoing on the part of the STBOE. They reason that the FAC "does not allege that [the STBOE] failed to adhere to any statute or regulation; rather it [alleges] that the [STBOE] upheld the laws and regulations relative to the possession of a state-issued diploma," and conclude that "[t]here is nothing wrongful about the [STBOE] adhering to state law." STBOE Br. at 16. However, Plaintiffs' precise allegation is that the STBOE violated the IDEA and its implementing regulations by denying a Free Appropriate Public Education ("FAPE") to an eligible student when it relied on A.D.'s GED diploma to deny A.D. re-enrollment. *See, e.g.*, FAC at ¶¶ 101, 144; Plf. Br. at 19–20. And the Court is not persuaded that the claims against the STBOE should be dismissed because the STBOE was upholding the state's laws and regulations, as it had pledged to do under the School Ethics Act. STBOE Br. at 15–16. While the Court is sympathetic to the STBOE's position—the STBOE was merely following the State's position as to whether M.N.'s high school diploma was sufficient—the STBOE shares a responsibility with the State Defendants to provide a FAPE. *See M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 340 (3d Cir. 2003) (explaining that "[a]s the text of the IDEA suggests, state agencies and local educational agencies, or school boards, share the responsibility for complying with the requirements of the Act," while acknowledging that "the participating state retains primary responsibility for ensuring compliance with the IDEA"); *see also Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 955 (4th Cir. 1997) ("[B]oth the language and the structure of IDEA suggest that either [the state educational agency

8

or local educational agency] or both may be held liable for the failure to provide a free appropriate public education . . . ."). Accordingly, this argument does not warrant dismissal.[5]

### 5. Exhaustion of Administrative Remedies

The STBOE next argues that Plaintiffs' Section 504 claim must be dismissed because the IDEA requires that a plaintiff exhaust administrative remedies prior to initiating a claim in federal court, and Plaintiffs did not submit their Section 504 claim in the underlying administrative proceeding. STBOE Br. at 25–38. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. §794(a). The IDEA's exhaustion requirement[6] "hinges on whether a lawsuit in fact 'seeks' relief available under the IDEA—not, as a stricter exhaustion statute might, whether the suit 'could have sought' relief available under the IDEA." *Fry v. Napoleon Community* Schools, 137 S. Ct.

---

[5] In its Reply, the STBOE also argues that "[t]o the extent that Plaintiffs seek to allege §1983 relief against the [STBOE], their allegations contained in Count One of the FAC fail to do so. STBOE Reply at 10. "[C]ourts ordinarily decline to consider arguments raised for the first time in a reply brief" "on the grounds that consideration of the same would prejudice the non-moving party." *In re Blackrock Mt. Funds Advisory Fee Litig.*, 327 F. Supp. 3d 690, 736 n.42 (D.N.J. 2018). However, since the Court already ruled that Plaintiffs may not use Section 1983 to vindicate IDEA rights in its prior opinion, D.E. 71 at 13–15, which it hereby adopts and incorporates by reference, Count One is dismissed to the extent that it seeks relief under Section 1983.

[6] 20 U.S.C. § 1415(*l*), the exhaustion provision, provides as follows:

> Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the [ADA], title V of the Rehabilitation Act [including § 504], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA].

9

743, 754 (2017). Because a FAPE is the only relief available under the IDEA, the question becomes whether the claim seeks relief for a denial of a FAPE "in substance, not surface." *Id.* at 752, 754–55.

Accordingly, the Court views three potential scenarios. First, where the Section 504 claim does not seek a remedy as to a FAPE, exhaustion is not required. *Id.* at 754. Second, where the Section 504 claim seeks to remedy a denial of a FAPE, exhaustion is required. *Id.*; 20 U.S.C. § 1415(*l*). Third, where the Section 504 claim relates to, but differs from, a claim of a denial of a FAPE, it too must be exhausted. For example, in *Batchelor*, the Third Circuit considered whether a claim that a school district retaliated (under Section 504 and the ADA) against a child and/or the child's parents for enforcing the child's rights under the IDEA required exhaustion. *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 273 (3d Cir. 2014). The Circuit held that because the retaliation claims related to the provision of a FAPE, as there was a logical connection between the retaliation claims and the district's alleged failure to provide a FAPE, they were subject to the IDEA's exhaustion requirement. *Id.* at 273–74. The Circuit reasoned that aside from being mandated by the statute, "[e]xhaustion [also] serves the purpose of developing the record for review on appeal," and "allow[s] the education agencies to apply their expertise and correct their own errors." *Id.* at 274. Accordingly, the Court similarly finds that where the relief sought by a Section 504 claim relates to a FAPE but requires a court to consider an element (or elements) not necessary to finding a denial of a FAPE, exhaustion is required as to that element.[7]

---

[7] The Court believes that reasonable jurists could reach a different conclusion. *Batchelor* not only involved a separate element but an entirely different allegation, that is, retaliation. Certain courts have found that exhaustion is required for a Rehabilitation Act claim even if the IDEA claim was fully exhausted. For example, the Eleventh Circuit has ruled as follows:

> The [Plaintiffs] say that, because their IDEA claims were processed in an Office of State Administrative Hearings ("OSAH")

Here, there is no dispute that Plaintiffs' Section 504 claim is subject to the exhaustion requirement because it seeks to remedy the denial of a FAPE. STBOE Br. at 27; Plf. Opp. at 29. The parties disagree, however, over whether Plaintiffs have exhausted administrative remedies with respect to this claim. According to the STBOE, because the Section 504 claim was "never considered, nor was [it] pled" in the underlying administrative proceeding, the claim was not exhausted, and thus cannot be brought in federal court. STBOE Br. at 27–28. Plaintiffs argue that the Section 504 claim was, in effect, administratively exhausted because as the STBOE itself points out, the "facts and circumstances giving rise to the[] 504 claim are exactly those which were litigated in the underlying matter," and the relief sought under the 504 claim is "the same . . . ,

---

proceeding, they were not required to pursue an additional administrative hearing with respect to their § 504 and ADA claims. That is incorrect. Because the crux of their § 504 and ADA claims alleged that the School District had denied [the child] a FAPE, the claims were subject to the IDEA's administrative exhaustion requirement. The [Plaintiffs'] failure to exhaust barred judicial review of their § 504 and ADA claims.

*Durbrow v. Cobb County School District*, 887 F.3d 1182, 1189 (11th Cir. 2018).

In *Fry*, the Supreme Court ruled as follows:

> We first hold that to meet that statutory standard, a suit must seek relief for the denial of a FAPE, because that is the only "relief" the IDEA makes "available." *We next conclude that in determining whether a suit indeed "seeks" relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint.*

137 S. Ct. at 752 (emphasis added). It is the highlighted text which gives the Court pause before joining the holding in *Durbrow*. The *Fry* Court clearly indicated that a district court must look past artful pleading and labels to determine "the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint" in deciding whether exhaustion is necessary. *Id.* In doing so, it would appear that so long as exhaustion occurs because a plaintiff is seeking relief under the IDEA, the label that a plaintiff uses (whether it be IDEA, Rehabilitation Act, and/or ADA) is not dispositive as to whether the plaintiff can later bring an appeal to federal court.

namely a finding that the [STBOE] failed to provide the student with a free and appropriate public education." Plf. Opp. at 29 (quoting STBOE Br. at 27).

Under *Fry*, the Court is instructed to consider the "gravamen" of the complaint. *Fry*, 137 S. Ct. at 754. Setting labels aside, the Court finds that Plaintiffs' Section 504 claim was exhausted in the underlying proceeding because as both parties agree, it seeks the same relief as the previously exhausted IDEA claim and is premised on the same facts and circumstances as that claim. Accordingly, Plaintiffs may proceed with this claim. But it also appears from the pleadings that Plaintiffs now allege intentional discrimination, *see* FAC ¶ 111 H, because they seek compensatory damages, and "[a] plaintiff seeking compensatory damages on a §504 claim must also prove that the discrimination at issue was intentional." *Shadie v. Hazleton Area Sch. Dist.*, 580 F. App'x 67, 70 (3d Cir. 2014). Pursuant to *Fry*, the element of intentional discrimination needed to be exhausted before proceeding in this Court. Therefore, the Section 504 claim may proceed only to the extent that it is not based on intentional discrimination.[8]

### B. Motion for Sanctions

The Court next turns to Plaintiffs' motion for sanctions. Plaintiffs move for sanctions pursuant to Federal Rule of Civil Procedure 11(b), which provides in relevant part that

> [b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the

---

[8] In its Reply, the STBOE broadens its argument, asserting that Counts One and Two should also be dismissed for failure to exhaust administrative remedies to the extent that they seek relief pursuant to 42 U.S.C. 12101. STBOE Reply at 7–9. Although the Court ordinarily declines to consider arguments raised for the first time in a reply brief, the Court addresses this argument because it has an obligation to address concerns of subject matter jurisdiction. *Besthoff on behalf of World Water Works Holdings, Inc. v. Mitta*, No. 17-1449, 2018 WL 3425733, at *3 (D.N.J. July 16, 2018) (citation omitted). Nevertheless, based on the face of the complaint, Plaintiffs do not appear to seek relief for Counts One or Two pursuant to 42 U.S.C. 12101. *See* FAC at ¶¶ 106, 111. To the extent that such relief is sought, because Counts One and Two seek to remedy the denial of a FAPE, the Court declines to dismiss for the same reasons stated above.

> person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)–(2); *see also A.W. ex rel. N.W. v. Princeton Pub. Schs. Bd. of Educ.*, -- F. App'x --, No. 20-2433, 2022 WL 989348, at *5 (3d Cir. Mar. 15, 2022). Federal Rule of Civil Procedure 11(c)(1) provides as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). The imposition of Rule 11 sanctions is at the discretion of the district court. *A.W.*, 2022 WL 989348, at *5. But "the standard under Rule 11 is 'stringent[.]'" *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 391 n.7 (3d Cir. 2016). "Courts apply 'an objective standard of reasonableness under the circumstances' to Rule 11's requirements." *Waugaman v. City of Greensburg*, 841 F. App'x 429, 434 (3d Cir. 2021) (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)). To be sanctionable, a claim must be "wholly without merit[.]" *Moeck*, 844 F.3d at 392 n.9; *see also Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010) (explaining that Rule 11 "'must not be used as an automatic

penalty against an attorney or party advocating the losing side of a dispute,' and it 'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.'") (quoting *Mary Ann Pensiero, Inc.*, 847 F.2d at 94). In sum, "Rule 11 sanctions are reserved for correcting litigation abuse." *Ario*, 618 F.3d at 297.

Here, Plaintiffs seek sanctions against the STBOE on two grounds. First, because the STBOE filed an untimely 12(b)(6) motion to dismiss; and second, because the STBOE argues that the GED diploma issued to A.D. is equivalent to a state-endorsed diploma. Plf. Br. at 3–5. The STBOE first responds that Plaintiffs ignore the fact that the STBOE re-noticed its cross-motion as a Rule 12(c) motion, and that courts in this district routinely convert Rule 12(b)(6) motions to Rule 12(c) motions where appropriate. STBOE Opp. at 13–14. Next, the STBOE responds that it is not contesting that all factual allegations must be accepted as true; it is merely arguing that Plaintiffs' factual allegations, as pled, are "insufficient to sustain causes of action against the [STBOE] or merit the Court's jurisdiction over the case." SBOE Opp. at 15–16. The substance of Plaintiffs' reply is that there is "no caselaw in this Circuit saying such conversion [from a Rule 12(b)(6) to a Rule 12(c)] may occur." Plf. Reply at 5.

The Court agrees with the STBOE that Rule 11 sanctions are not warranted. Plaintiffs first argument lacks merit because the STBOE re-noticed its cross-motion as a Rule 12(c) motion. D.E. 63. And the cross-motion was re-noticed before Plaintiffs moved for sanctions. *Compare* D.E. 63, *with* D.E. 66. Even if the cross-motion had not been re-noticed, the Court may construe a Rule 12(b)(6) motion as having been filed pursuant to Rule 12(c). *See supra* II. A. at 3 n.2. Further, the Court does not find that the STBOE's arguments as to plausibility and subject matter are frivolous in the context of Rule 11. Accordingly, the motion for sanctions is denied. In light of

Plaintiffs' repeat requests for sanctions motions, and the STBOE's request for intervention,[9] Plaintiffs are required to seek leave of the Court before filing any additional sanctions motions in this matter.

### III. CONCLUSION

For the foregoing reasons, the STBOE's cross-motion to dismiss Plaintiffs' FAC is **GRANTED in part and DENIED in part** and Plaintiffs' motion for sanctions is **DENIED**. Count I is dismissed to the extent that Plaintiffs seeks relief pursuant to Section 1983 and Count II is dismissed to the extent that Plaintiffs assert intentional discrimination. The cross-motion to dismiss is otherwise denied. An appropriate Order accompanies this Opinion.

Dated: November 7, 2022

_____
John Michael Vazquez, U.S.D.J.

---

[9] *See* STBOE Opp. at 17–18.