# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA NIKOLAEVA and ANDREW DANKO, | ) ) ) |
| Plaintiffs, | ) ) Civil No. 2:21-cv-19977-SDW-JSA |
| v. | ) ) ) ) |
| SPARTA TOWNSHIP BOARD OF EDUCATION; NEW JERSEY DEPARTMENT OF EDUCATION; and KEVIN DEHMER, Commissioner of Education, in his official capacity, | ) ) ) Judge: Susan D. Wigenton ) ) ) Magistrate: Jessica S. Allen ) ) ) |
| Defendants. | ) MOTION DATE: August 18, 2025 ) ) |

## BRIEF IN SUPPORT OF RESPONDENTS' MOTION TO STRIKE EXHIBIT AND REFERENCES

NOW COME Respondents Robert Thurston and Thurston Law Offices LLC (collectively "Respondents"), by and through counsel, and for their Motion to Strike Exhibit D and References in the Brief and Certification of Plaintiffs' Rule 11 Motion for Sanctions hereby state as follows:

## STATEMENT OF FACTS

1. John Rue's Motion for Sanctions, *purportedly*[1] on behalf of Plaintiffs, contains Exhibit D and multiple references to same in both the Certification of John Rue and the brief submitted in support.  ECF #161-1, PageID: 1817, 1825, 1829 and ECF #161-2, PageID: 1856-1857, 1885-1889.

2. Exhibit D is an email exchange initiated by Respondents on October 7, 2024 to try to compromise the dispute between Rue and Respondents. Respondents' email is clearly marked "COMMUNICATION REGARDING COMPROMISE SUBJECT TO FRE 408" in the subject line and "CONFIDENTIAL SETTLEMENT COMMUNICATION, NOT ADMISSIBLE AS EVIDENCE PURSUANT TO FRE 408" in the body.  ECF #161-2, PageID: 1887.

3. Rue's reply email references the same email subject line and also contains the language "we propose the following settlement" in the body of the reply.  ECF #161-2, PageID: 1886.

---

[1] Respondents use the term "purportedly" because there is no evidence that Plaintiffs Marina Nikolaeva or Andrew Danko (collectively "Plaintiffs") had any role in authorizing or pursuing this motion.

**Page 2 of 4**

## **LEGAL ARGUMENT**

This Court has the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint 'any redundant, immaterial, impertinent, or scandalous matter' which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2002) *citing Bristol-Myers Squibb Company v. Ivax Corporation*, 77 F.Supp.2d 606, 619 (D.N.J. 2000).

Rule 408 of the Federal Rules of Evidence is clear that

> "[e]vidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim.

Fed.R.Evid. 408. Not only are Exhibit D and the multiple references made by Plaintiffs' counsel in the motion papers evidence of compromise offers and negotiations, the emails expressly reference Rule 408. *See* ECF #161-2, PageID: 1885-1889. Rue's inclusion of this exhibit and the references thereto not only

**Page 3 of 4**

violates Rule 408, but is also immaterial, impertinent, and scandalous and must be stricken.

CONCLUSION

WHEREFORE, Respondents respectfully move this honorable Court for an Order striking Exhibit D and the multiple references to same in both the Certification of John Rue and the brief submitted in support of Plaintiffs' Rule 11 Motion for Sanctions.

Dated: July 29, 2025

THURSTON LAW OFFICES LLC

By: /s/ *Robert C. Thurston*
Robert C. Thurston, Esq.
Attorney ID #008801988
Thurston Law Offices LLC
111 Route 70 E #5336
Marlton, NJ 08053
856-335-5291
Email: rthurston@schoolkidslawyer.com

*Attorney for Respondents*