**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MARINA NIKOLAEVA and ANDREW DANKO,** | ) ) ) | |
| **Plaintiffs,** | ) | **Civil No. 2:21-cv-19977-SDW-JSA** |
| **v.** | ) ) ) | |
| **SPARTA TOWNSHIP BOARD OF EDUCATION; NEW JERSEY DEPARTMENT OF EDUCATION; and KEVIN DEHMER, Commissioner of Education, in his official capacity,** | ) ) ) ) ) ) ) | **Judge: Susan D. Wigenton**  **Magistrate: Jessica S. Allen** |
| | ) | **MOTION DATE:  August 18, 2025** |
| **Defendants.** | ) | |

<u>**RESPONDENTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS**</u>

NOW COME Respondents Robert Thurston and Thurston Law Offices LLC

("TLO") (collectively "Respondents"), by and through counsel, and for their

Opposition to Plaintiffs' Motion for Sanctions hereby state as follows:

**Page 1 of 21**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................3

INTRODUCTION .............................................................................................4

LEGAL ARGUMENT ........................................................................................5

   A.   Rue's Motion Contains Fatal Procedural Flaws .........................................5

     1.   Rue's Motion Attacks Not Only Withdrawn Counsel, But Also A Non-Existent Entity.................................................................................................5

     2.   Rue's Motion is Untimely .............................................................6

     3.   Prohibited Use of Compromise Negotiations.............................................8

     4.   Violation of Local Civil Rules...............................................................8

   B.   §1927 Sanctions Are Not Appropriate Because TLO's Actions Do Not Meet the Standard For Imposition ........................................................................9

     1.   Respondents' Actions Do Not Warrant Sanctions ....................................9

     2.   Respondents' Appeal of the Denial of the Motion to Intervene is Simply Zealous Lawyering.................................................................................11

     3.   Rue's Assertions Regarding the C.P. Class Action Are Issue Precluded...........................................................................................................12

     4.   Rue's Allegations About Other Cases Are Irrelevant to This Court's Analysis................................................................................................14

   C.   The Same Analysis Applies to Deny Sanctions Based on this Court's Inherent Powers.................................................................................................15

   D.   This Court Should Consider Rue's Motivation for Filing His Motion......15

     1.   Rue Fears the Ramifications of Overstating His Accounts Receivable to His Litigation Lender................................................................................16

     2.   Rue Seeks Revenge Against Respondents and Others...........................18

   E.   Rue's Claim for IDEA Prevailing Party Fees in this Matter is Without Merit ..................................................................................................19

CONCLUSION .................................................................................................20

## TABLE OF AUTHORITIES

Cases

*Burkey v. Marberry*, 556 F. 3d 142 (3rd Cir. 2009)...................................................14

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) .15

*CPR Management, SA v. Devon Park Bioventures*, 19 F. 4th 236 (3rd Cir. 2021).11

*Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) ......................14

*Grider v. Keystone Health Plan Central, Inc.*, 580 F. 3d 119 (3rd Cir. 2009)...........9

*In re Prudential Ins. Co. America Sales Practice*, 278 F. 3d 175 (3rd Cir. 2002) ...14

*In re Schaefer Salt Recovery, Inc.*, 542 F. 3d 90 (3rd Cir. 2008) ...............................6

*Jean Alexander Cosmetics, Inc. v. L'OREAL USA*, 458 F. 3d 244 (3rd Cir. 2006)..12

*Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294 (3d Cir. 1996).....9

Statutes

20 U.S.C. §1415(i)(3)(B)(i) .......................................................................................19

20 U.S.C. §1415(i)(3)(B)(i)(I) ...................................................................................10

20 U.S.C. §1927 ...........................................................................................................8

Rules

Fed.R.Civ.P. 11(b)(2)..................................................................................................10

Fed.R.Civ.P. 11(c)(2)..................................................................................................10

L.Civ.R. 7.1(b)(1) .........................................................................................................8

L.Civ.R. 7.1(c)(1)..........................................................................................................8

L.Civ.R. 7.1(d)(1) .........................................................................................................8

L.Civ.R. 7.1.1...............................................................................................................15

## INTRODUCTION

John Rue's Motion for Sanctions, *purportedly* on behalf of Plaintiffs, paints an unsubstantiated delusion that neither reflects the truth nor the relevant evidence before this Court.  Respondents use the term "purportedly" because there is no evidence that Plaintiffs Marina Nikolaeva ("Marina") or Andrew Danko ("Andrew") (collectively "Plaintiffs") had any role in authorizing or pursuing this motion as it reeks of the recklessness of John Rue ("Rue") and belies the good relationship that Respondents had with Marina and Andrew.  *See* Certification of Robert C. Thurston, Esq.,[1] ¶3.  Indeed, Rue reveals his motive for the current motion in his brief - "when Thurston and JRA grew even more adverse in another matter, *C.P. v. N.J. Dep't of Edu*, D.N.J. No. 19:1-12807," ECF #161-1, p. 3, in which Rue was admonished <u>twice</u> by this Court and for which he now retaliates.

Plaintiffs' motion should be denied as untimely, procedurally and legally flawed, and meritless.

---

[1] Hereinafter "Cert. Thurston".

**Page 4 of 21**

## LEGAL ARGUMENT

Rue's motion is riddled with procedural errors, factual exaggerations, and legal misstatements. The standards to impose sanctions under §1927 and the inherent powers of this Court are not met by Respondents' alleged actions. The motivations for filing this motion are more than just suspicious. They reveal Rue's desire not to have to reimburse Respondents for fees and costs of services duly provided to Plaintiffs; avoidance of legal consequences for Rue's misrepresentation of his accounts receivable to his litigation lender; and his hunger for revenge against fellow members of the bar that Rue erroneously believes have wronged him. For these reasons, the motion should be denied and dismissed with prejudice.

A.    Rue's Motion Contains Fatal Procedural Flaws

Rue's Motion for Sanctions should fail and be dismissed because of an excessive number of procedural flaws and violations of Local Rules.

  1.    *Rue's Motion Attacks Not Only Withdrawn Counsel, But Also A Non-Existent Entity*

Rue's motion is filed against "Robert Thurston and his solo law firm Thurston Law Offices." ECF #161-1, PageID: 1816 and 1847. Robert Thurston withdrew as counsel in this matter on June 19, 2023. ECF #98. His only other involvement was as counsel to Thurston Law Offices LLC in its Motion to

Intervene, which was denied and dismissed on September 10, 2024. ECF #125. The appeal of that Order had no involvement with this Court.

Respondent Thurston Law Offices [sic] is not an existing entity. "Thurston Law Offices LLC" is a New Jersey Limited Liability Company in good standing. Cert. Thurston, ¶4 and Exh. A thereto. The Motion to Intervene in this case, about which is the source of Rue's alleged grievance, was filed by the corporate entity Thurston Law Offices LLC. *See* ECF #111.

The motion should be denied as it is not filed against proper respondents.

### 2.    *Rue's Motion is Untimely*

While the Third Circuit has held that "the supervisory rule remains viable, it does not apply where sanctions are sought under §1927. That having been said, however, a motion for sanctions should be filed within a reasonable time." *In re Schaefer Salt Recovery, Inc.*, 542 F. 3d 90, 102 (3rd Cir. 2008). As stated above, the Motion to Intervene was denied on September 10, 2024. Rue could have filed his motion for sanctions either while that motion was pending or shortly after it was denied. Yet he did not. It is also notable that he didn't file a Rule 11 motion at that time, which indicates he believed that the Motion to Intervene was not sanctionable.

Further, Rue sought a sixty (60) day extension of the administrative

termination from this Court under false pretenses. In that request, JRA

represented:

> The settlements have been agreed and finalized. As to Sparta,
> defendant has fully performed. However, as to NJDOE, there was a
> delay related to the need to obtain a notarized execution of the release
> from Mr. Danko, who currently resides out of state. . . . by the terms
> of the agreement between Plaintiffs and NJDOE, NJDOE's deadline
> for payment is sixty (60) days from today, i.e., September 15, 2025.
> In order to proceed efficiently, we propose to dismiss all claims at
> once, even though Sparta has fully performed its obligations at this
> point. Accordingly, all parties jointly request an extension of the
> deadline in the 60-day order for an additional 60 days, until
> September 16, 2025.

ECF #159. This Court granted that request on Friday, July 18, 2025. ECF #160.

The next business day, Monday, July 21, 2025, JRA filed the present motion.

Instead of trusting that the parties would comply with the "agreed and finalized"

settlements, it is clear that Rue only sought the extension of time because he

intended to file the present motion which includes a 36 page brief and a 103 page

Certification. *See* ECF ##161-1 and 161-2. He didn't prepare the motion

overnight.

The current motion for sanctions was filed more than ten (10) months after

denial of the Motion to Intervene which is not within a reasonable time and

therefore should be denied as untimely.

**Page 7 of 21**

### 3.    *Prohibited Use of Compromise Negotiations*

Respondents have filed a contemporaneous Motion to Strike Exhibit D and various references that violate Rule 408 of the Federal Rules of Evidence.  *See* ECF #165.  It was improper to include this information as part of the motion and should be stricken.  On that basis, the motion should be denied for improperly submitting inadmissible evidence.

### 4.    *Violation of Local Civil Rules*

Rue's motion fails to identify the motion date.  *See* ECF #161 and all accompanying papers.  "Unless a Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L.Civ.R. 7.1."  L.Civ.R. 7.1(b)(1).  "All applications, other than applications under L.Civ.R. 65.1, by notice of motion or otherwise, shall be made returnable before the Judge to whom the case has been assigned on the first regular motion day which is at least 24 days after the date of filing."  L.Civ.R. 7.1(c)(1).  "The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page."  L.Civ.R. 7.1(d)(1).

Although this violation may seem trivial, it is in addition to all of the other fatal procedural flaws in Rue's motion.

B.    §1927 Sanctions Are Not Appropriate Because TLO's Actions Do

Not Meet the Standard For Imposition

If Rue's motion is not denied on procedural grounds alone and this Court

wishes to address the substantive issues raised, the facts and law do not support

imposition of sanctions on Respondents.  The relevant statute provides:

> Any attorney or other person admitted to conduct cases in any court of
> the United States or any Territory thereof who so multiplies the
> proceedings in any case unreasonably and vexatiously may be
> required by the court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such conduct.

20 U.S.C. §1927.  As discussed below, Respondents' actions do not trigger

statutory sanctions.

1.    *Respondents' Actions Do Not Warrant Sanctions*

The Third Circuit has established a clear standard for when imposing §1927

sanctions is not appropriate.

> We have held that "sanctions may not be imposed under § 1927
> absent a finding that counsel's conduct resulted from bad faith, rather
> than misunderstanding, bad judgment, or well-intentioned zeal."
> *LaSalle Nat'l Bank v. First Connecticut Holding Group, L.L.C. XXIII*,
> 287 F.3d 279, 289 (3d Cir. 2002) (citations omitted). As such, "under
> § 1927, an attorney's 'conduct must be of an egregious nature,
> stamped by bad faith that is violative of recognized standards in the
> conduct of litigation.'" *Id.* (*quoting Baker Indus. Inc. v. Cerberus,
> Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985)).

*Grider v. Keystone Health Plan Central, Inc.*, 580 F. 3d 119, 142 (3rd Cir. 2009).[2]

In *Zuk v. Eastern Pennsylvania Psychiatric Institute,* that Court held "[a]lthough a trial court has broad discretion in managing litigation before it, the principal purpose of imposing sanctions under 28 U.S.C. §1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Zuk*, 103 F.3d 294, 297 (3d Cir. 1996).

This Court should find that Respondents' actions were based on well-intentioned zeal or, at worst, misunderstanding or bad judgment. In the language of Rule 11, the Motion to Intervene presented a "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* Fed.R.Civ.P. 11(b)(2). If Rue believed it didn't, he surely would have filed a Rule 11 motion at that time and been required to present Respondents with a 21-day 'safe harbor letter' before doing so. *See* Fed.R.Civ.P. 11(c)(2). No Rule 11 motion for sanctions was filed.

Instead, the Motion to Intervene was supported by caselaw and filed in an attempt to protect Respondents' recovery of fees and costs pursuant to the Individuals with Disabilities Education Act fee-shifting provision. *See* 20 U.S.C.

---

[2] Rue cites almost exclusively cases from the 4th, 6th, and 7th Circuits and other courts not in the Third Circuit, which are not precedential or even persuasive over 3rd Circuit caselaw.

§1415(i)(3)(B)(i)(I) ("award [of] reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability.")  Given Rue's sale of his accounts receivable[3] to an unknown litigation funder, Respondents had a legitimate concern that Rue had no incentive to recover fees on behalf of Respondents and would refuse reimbursement of such fees and costs despite Respondents having developed the legal arguments that eventually won in the New Jersey Supreme Court for Plaintiffs.

The proceeding herein was delayed at most one month – from filing of the Motion to Intervene on August 9, 2024 to the Order denying the motion on September 10, 2024.  This does not reach the level of egregious conduct or intentional delay required to impose sanctions under Third Circuit law.

All of the other accusations about Respondents raised in Rue's motion are either hollow, irrelevant or collaterally estopped.

2.    *Respondents' Appeal of the Denial of the Motion to Intervene is Simply Zealous Lawyering*

The appeal of Judge Allen's Order denying a Motion to Intervene was filed in good faith.  Respondents argued that "motions to intervene are immediately

---

[3] *See infra; see also discussion in Reply Brief in Support of Motion to Intervene*, ECF #119, PageID: 1657 and ECF #119-2, PageID: 1711-1712 where this issue was already brought to this Court's attention.

appealable due to the potential loss of the movant's claim" citing *CPR Management, SA v. Devon Park Bioventures*, 19 F. 4th 236, 242 (3rd Cir. 2021). Cert. Thurston, ¶5 and Exh. B.  Simply because Respondents lost the jurisdictional argument and appeal and were denied their petition for rehearing does not prove the actions were egregious.  If that was the standard, every lawyer that lost a motion or appeal would be in violation of §1927.  This is perceptibly not the rule.

        3.     *Rue's Assertions Regarding the C.P. Class Action Are Issue Precluded*

All of Rue's assertions and arguments regarding the case captioned *C.P. v. N.J. Dep't of Edu*, D.N.J. No. 19:1-12807 (the "C.P. Class Action") are issue precluded under the doctrine of collateral estoppel.  The Third Circuit has opined on that doctrine:

> We have identified four standard requirements for the application of collateral estoppel in our case law: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.

*Jean Alexander Cosmetics, Inc. v. L'OREAL USA*, 458 F. 3d 244, 249 (3rd Cir. 2006).  All four requirements are met and previously addressed in this Court.

First, U.S. District Judge Hillman (Ret.) addressed all of the issues that Rue resurrects in his current motion.  Indeed, Judge Hillman admonished Rue and laid the fault of the disintegration of the class counsel team "at Mr. Rue's feet."  ECF

**Page 12 of 21**

#119-2, PageID: 1682, lns. 1-8.  This Court then entered an Order to Show Cause why Rue's firm "should not be disqualified as class counsel."  ECF ##119-2, PageID: 1666.  Only then, did Rue recognize it was <u>his</u> behavior and not that of Respondents (and others) that was problematic and agreed to withdraw as Class Counsel.  ECF #119-2, PageID: 1688-89.

Second, Rue made another attempt to relitigate these same issues.  He filed a Rule 60 Motion[4] in the C.P. Class Action seeking to oust appointed Class Counsel and reinsert himself.  U.S. Magistrate Judge Skahill summarily dismissed this attempt, writing:

> JRA's motion raises various allegations of misconduct, all of which the Court has carefully reviewed. None of these allegations merit this Court revisiting Judge Hillman's October 27, 2023 Opinion and Order [ECF Nos. 530 and 531], none of these allegations provide a basis for disqualification and removal of class counsel, and none of these allegations warrant a lengthy response from this Court.
> . . . .
> JRA's allegations of perjury and misrepresentation to the Court, fraud, conflicts of interest, and unethical conduct by Class Counsel lack predication.
> . . . .
> [T]he Court does not find that the Motion to Clarify [ECF No. 469] was made in bad faith, intended to cause delay or the product of misrepresentation by counsel. On the contrary, it was, as the Court previously found, the natural result of the breakdown of a team of

---

[4] Actually, this was procedurally in error as well.  The motion should more properly have been filed under Rule 23(g) as declared by Judge Skahill in denial of the motion: "JRA's motion is brought under Rule 60 although the motion is more properly viewed under Federal Rule of Civil Procedure 23(g) as a motion to replace class counsel."  *See* Cert. Thurston, ¶6, Exh. C, p. 3.

attorneys that that the Court had hoped would pilot this important
case, a breakdown that the Court previously laid primarily at the
hands of JRA.

Cert. Thurston, ¶6, Exh. C.

This Court should disregard Rue's third attempt to raise allegations from the

C.P. Class Action that have been twice rejected and issue precluded.

      4.    *Rue's Allegations About Other Cases Are Irrelevant to This*

          *Court's Analysis*

Rue makes unsupported allegations about wrongdoing related to a "collateral

lawsuit purporting to arise in tort law against undersigned counsel personally,"

ECF #161-1, PageID: 1829; "in three other cases pending before this Court,

Thurston sent identical letters to defense counsel to the one he sent here, with

baseless threats of collateral litigation," ECF #161-1, PageID: 1824; and "Thurston

has sent a strong signal here that, if he is not satisfied, he will engage in similar

misconduct across all three of these other cases." ECF #161-1, PageID: 1824.

In other words, Rue wants this Court to make findings about matters outside

of this case involving other parties and federal judges in order to impose sanctions

against Respondents as if the Judges and parties in those other cases cannot act on

their own behalf. Advisory opinions, which is what Rue seeks, are prohibited. *See*

*Burkey v. Marberry*, 556 F. 3d 142, 149 (3rd Cir. 2009) *citing Flast v. Cohen*, 392

U.S. 83, 96 *n. 14*, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (noting long established

**Page 14 of 21**

rule against advisory opinions). Rue is asking this Court to abuse its discretion under §1927 because such allegations are irrelevant herein and Rue has presented no evidence that these hypothetical future actions had any effect on this litigation.

For these reasons, Rue's motion based on §1927 should be denied and dismissed with prejudice.

C.     <u>The Same Analysis Applies to Deny Sanctions Based on this Court's Inherent Powers</u>

While it is true that this Court possesses "the implied and incidental powers of a federal court . . . to discipline attorneys who appear before it," *In re Prudential Ins. Co. America Sales Practice*, 278 F. 3d 175, 189 (3rd Cir. 2002) *quoting Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), sanctions should only be imposed when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* As discussed in the previous section, Respondents' actions in this case do not rise to the level to justify sanctions under this standard despite Rue's exaggerations. Thus, this Court should not use its inherent powers to impose sanctions against Respondents and Rue's motion should be denied and dismissed with prejudice for the same reasons.

D.     <u>This Court Should Consider Rue's Motivation for Filing His Motion</u>

Finally and critically, this Court should review Rue's true motivations for filing the present motion for sanctions. Those motivations are fear and revenge.

**Page 15 of 21**

1.   *Rue Fears the Ramifications of Overstating His Accounts*
     *Receivable to His Litigation Lender*

As discussed previously before this Court, Rue obtained litigation funding in

May 2023 via a "Factoring Agreement", which is a sale of accounts receivable at a

discounted price.[5]  ECF #119, PageID: 1657 and ECF #119-2, PageID: 1711-1712.

It appears that Rue is making desperate attempts to recover as much in fees as he

can and eliminate payments due others because he overstated his accounts

receivable to his lender and now faces negative consequences for the

misrepresentations. These attempts are evident in the current motion and these

additional events:

      a.    Rue wrongfully withheld refund of $22,596.34[6] in unearned

              fees from former client Filomena Laforgia, which should have

              been held in his attorney trust account and refunded

              immediately, not over 180 days, Cert. Thurston, ¶7 and Exh. D;

      b.    Respondents are knowledgeable about several other attorneys[7]

              that were either employees of Rue or worked under contracts

---

[5] Rue's failure to disclose this litigation funding in this case may have been a violation of local rules.  *See* L.Civ.R. 7.1.1 (Adopted June 21, 2021), requiring disclosure and information about such funding.

[6] The client asserted that the full amount of $30,237.74 should have been refunded by Rue.  *See* Cert. Thurston, ¶7 and Exh. D.

[7] The identities of these attorneys are being withheld to protect their interests.

with Rue who have not been paid for their services.  At least

one of those attorneys has filed a wage claim against Rue for up

to $50,000.00 with the New Jersey Department of Labor &

Workforce Development, Cert. Thurston, ¶8;

c.    Rue has threatened to intervene in the case of *J.A., et al. v. New

*Jersey Department of Education*, Civil No. 1:18-cv-9580,

where his purported clients have no standing, so he could file

an IDEA fee petition to gain more money.  This threat contains

defamatory and false statements about Respondents, retired

U.S. Magistrate Judge Joel Schneider, the New Jersey

Department of Education, and the New Jersey Attorney

General's Office, Cert. Thurston, ¶9, Exh. E; and

d.    Rue is seeking to render his Limited Liability Company, John

Rue & Associates, LLC ("JRA"), judgment proof.  Rue moved

to Florida several years ago and now resides in Louisville,

Kentucky with his wife Krista Haley Rue.  Cert. Thurston, ¶10,

Exh. F.  Further, JRA lists Rue as its registered agent in

Princeton, New Jersey in violation of N.J.S.A. §14A:4-1

requiring a registered agent to be a resident and available during

regular business hours for legal service of process, Cert.

Thurston, ¶11, Exh. G. This will make it futile for Thurston Law Offices LLC to sue JRA under a contract theory because of service of process issues and any judgment obtained would go unsatisfied.

Plaintiffs have settled this case with Defendant Sparta Township Board of Education, although the amount of attorney's fees and costs recovered is unknown. *See* Cert. Thurston, ¶12, Exh. H; *see also* ECF #155, 157, 159. Plaintiffs have also settled this case with State Defendants, although the amount of attorney's fees and costs recovered is unknown. *See* ECF #159. Thurston Law Offices LLC is owed substantial attorney's fees and costs – in excess of $180,000 – as reimbursement for representing Plaintiffs in the related cases in which they were prevailing parties. Upon information and belief, Rue has recovered those fees and costs, yet has to date paid Thurston Law Offices LLC nothing. Cert. Thurston, ¶13. Rue has filed his motion for sanctions because he is trying to reduce or eliminate his obligation to pay Thurston Law Offices LLC its share of fees and costs.

2.    *Rue Seeks Revenge Against Respondents and Others*

In addition to Rue's fear of his litigation lender's legal action for misstating his accounts receivable, Rue also seeks revenge against Respondents and others because of the events in the C.P. Class Action. *See, supra*. Rue threatened to contact federal judges in other cases regarding Thurston Law Offices LLC's letters

**Page 18 of 21**

to preserve their legal rights against conversion of fees and costs. Cert. Thurston, ¶14, Exh. I. Rue has also made repeated requests to the New Jersey Attorney General's Criminal Division to pursue criminal investigations against Respondents and co-Class Counsel in the C.P. Class Action, Cert. Thurston, ¶15, Exh. J,[8] despite having been reprimanded by Judges Hillman and Skahill. *See, supra.* Rue seeks unfounded revenge, which is never good for someone who has sworn the oath of an attorney. The present motion is simply a continuation of this pursuit.

E.    Rue's Claim for IDEA Prevailing Party Fees in this Matter is Without Merit

Rue spends 12 pages of his motion brief asserting that this Court could award him prevailing party fees under IDEA against Respondents. ECF #161-1, PageID: 1833-1845. This argument is meritless. The cases cited by Rue are not IDEA cases, thus they are not "any action or proceeding brought under this section." 20 U.S.C. §1415(i)(3)(B)(i). As discussed above, neither Robert Thurston nor Thurston Law Offices LLC were parties, let alone adverse parties to Plaintiffs, in this matter. Thus, Plaintiffs are not "prevailing parties" against Respondents. Rue's accounting for his time and fees and argument that "IDEA fee shifting is not a sanction," ECF #191-1, PageID: 1835, is a ruse disguising a

---

[8] These communications began after the Motion to Intervene was filed in this case.

**Page 19 of 21**

different attempt to sanction Respondents.  This entire claim should be disregarded by the Court.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Respondents Robert Thurston and Thurston Law Offices LLC respectfully request that this honorable Court deny Rue's Motion for Sanctions and dismiss it with prejudice.


Dated: July 29, 2025    THURSTON LAW OFFICES LLC

         By:  */s/ Robert C. Thurston*
         Robert C. Thurston, Esq.
         Attorney ID #008801988
         Thurston Law Offices LLC
         111 Route 70 E #5336
         Marlton, NJ 08053
         856-335-5291
         Email: rthurston@schoolkidslawyer.com

         *Attorney for Respondents*

**Page 20 of 21**

## <u>CERTIFICATE OF SERVICE</u>

I, Robert C. Thurston, certify that I served all parties and counsel of record the foregoing document by causing the same to be sent via the ECF system for eFilers and via regular mail for non-eFilers on July 29, 2025:

Katherine A. Gilfillan
Franklin Barbosa, Jr.
Schenck, Price, Smith & King, LLP
220 Park Avenue
PO Box 991
Florham Park, NJ 07932
973-631-7857
kag@spsk.com
fb@spsk.com

*Attorneys for Defendant STBOE*

Krista Haley Rue
John Douglas Rue
John Rue & Associates
37 Main St.
Sparta, NJ 07871
862-283-3155
Fax: 973-860-0869
krue@johnruelaw.com
john@johnruelaw.com

*Attorneys for Plaintiffs*

Ryan J. Silver
Deputies Attorney General
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
(609) 376-3100
ryan.silver@law.njoag.gov

*Attorneys for Defendants NJDOE and Allen-McMillan*

/s/ *Robert C. Thurston*
Robert C. Thurston